# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RAY HENDERSON,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 17-cv-1752-W (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR REMAND**<br><br>**(ECF NOS. 14, 15)** |

This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

On August 30, 2017, plaintiff Ronald Ray Henderson filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). (ECF No. 1.)

Now pending before the Court and ready for decision are plaintiff's motion for summary judgment and the Commissioner's cross-motion for remand. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion be **GRANTED IN PART,** that the Commissioner's cross-motion be **GRANTED**, and that Judgment be

entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On December 10, 2013, plaintiff filed an application for SSI under Title XVI of the Social Security Act, alleging disability beginning August 1, 2012. (Certified Administrative Record ["AR"] 141-49.) After his application was denied initially and upon reconsideration (AR 95-98, 102-07), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 108-10.) An administrative hearing was held on March 3, 2016. Plaintiff appeared at the hearing with counsel, and testimony was taken from him and a vocational expert ("VE"). (AR 26-72.)

As reflected in his April 29, 2016 hearing decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, since December 10, 2013, the date the application was filed. (AR 14-21.) The ALJ's decision became the final decision of the Commissioner on July 7, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-3.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 10, 2013, the date the application was filed.[1] (AR 16.)

At step two, the ALJ found that that plaintiff had the following severe impairments: obesity; cervical spine degenerative disc disease; and bilateral knee degenerative joint disease. (AR 16.)

---

[1] SSI is not payable prior to the month following the month in which the application is filed. *See* 20 C.F.R. § 416.335.

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 16.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary, semi-skilled work, subject to the following additional limitations. Such work could not have required: 1) lifting more than ten pounds at a time on more than an occasional basis, 2) lifting and carrying articles weighing more than ten pounds on more than an occasional basis, 3) standing or walking more than 20 to 30 minutes at one time and no more than two total hours in an eight-hour workday, 4) sitting more than 60 minutes at one time, and no more than six total hours in an eight-hour workday, 5) more than occasional stooping, bending, twisting, or squatting, 6) working on the floor (e.g., no kneeling, crawling, or crouching), 7) ascending or descending full flights of stairs (but a few steps up or down were not precluded), and 8) any foot control work duties with the left knee. The ALJ also found that plaintiff required the option to make postural changes as noted in the RFC; thus, there had to be the option to perform work duties while standing, walking, or sitting. (AR 17.)

For purposes of his step four determination, the ALJ first found that plaintiff had past relevant work as a delivery truck driver. Based on the VE's testimony, the ALJ then found that plaintiff remained capable of performing his past relevant work as a delivery truck driver both as he performed that job and as usually performed in the national economy in reduced numbers. (AR 20-21.)

Accordingly, the ALJ concluded that plaintiff was not disabled. (AR 21.)

**ISSUES IN DISPUTE**

In his summary judgment motion, plaintiff claims that the ALJ erred in finding that he had past relevant work as a truck driver. Plaintiff contends in this regard that he did not earn enough money from this employment to meet the Social Security Administration's definition of past relevant work. (ECF No. 14 at 8-10.) Plaintiff further contends that the

Court should apply the "credit as true" rule, and remand for the payment of benefits because the ALJ would be required to find plaintiff disabled on remand pursuant to the Special Medical-Vocational Profile defined in 20 C.F.R. § 404.1562(b). (*Id.* at 10-13.)

In her opposition to plaintiff's motion and cross-motion for remand, the Commissioner concedes that "the ALJ's decisional language does not support his finding at step four of the sequential evaluation process that [p]laintiff could return to his past relevant work as a truck driver and was therefore not disabled." (*See* ECF No. 15-1 at 2, citing AR 20-21.) However, the Commissioner disputes that the case should be remanded for the payment of benefits. The Commissioner contends that the case should be remanded for further administrative proceedings, and specifically for (a) further development of the record with respect to whether plaintiff's job as a truck driver constituted past relevant work, (b) further development of the record regarding plaintiff's other prior work and whether plaintiff had any other past relevant work, and (c) for a determination at step five of the sequential evaluation process whether other work exists even if the ALJ determines that no past relevant work exists. (*See id.* at 3-7.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation,

the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

As noted above, the Commissioner has conceded that the ALJ erred. Thus, the dispute here is not over whether the Commissioner's decision must be reversed, but rather over the appropriate remedy.

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

In *Garrison v. Colvin*, 759 F.3d 995, 1019-21 (9th Cir. 2014), a Ninth Circuit panel held that where an ALJ failed to properly consider various types of evidence, it was appropriate to credit the evidence as true and remand the case for calculation and award of benefits. Plaintiff contends that the Court should apply the *Garrison* credit as true rule here and remand for the payment of benefits because the ALJ would be required to find

plaintiff disabled on remand pursuant to the Special Medical-Vocational Profile defined in 20 C.F.R. § 404.1562(b).[1]

The Court notes, however, that after *Garrison* was decided, another Ninth Circuit panel did not apply or even acknowledge the "credit as true" rule where substantial evidence did not support an ALJ's rejection of treating medical opinions and his adverse credibility determination; instead, the panel simply remanded the case for further administrative proceedings. *See Ghanim v. Colvin*, 763 F.3d 1154,1167 (9th Cir. 2014). And, in *Marsh v. Colvin*, 792 F.2d 1170, 1173 (9th Cir. 2015), the panel did not apply or even acknowledge the "credit as true" rule where the ALJ had failed to even mention a treating source's opinion that the claimant was "pretty much nonfunctional"; instead, the panel simply remanded the case to afford the ALJ the opportunity to comment on the doctor's opinions.

In any event, as explained in *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015), a remand for an immediate award of benefits is appropriate only in "rare circumstances" and before ordering this "extreme remedy," the Court must first satisfy itself that three requirements have been met. First, the Court must conclude that "'the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Id.* (quoting *Garrison*, 759 F.3d at 1020). Second, the Court must conclude that "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id.* (quoting *Garrison*, 759 F.3d at 1020). Third, the Court must conclude that "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (quoting *Garrison*, 759 F.3d at 1021).

---

[1] As the Commissioner correctly points out, 20 C.F.R. § 404.1562(b) applies only to disability insurance benefits claims, not SSI claims. For SSI claims such as plaintiff is making, the relevant parallel regulation is 20 C.F.R. § 416.962(b).

Here, the Court finds that plaintiff's reliance on the credit as true rule is completely misplaced because the ALJ's error had nothing to do with the failure to provide legally sufficient reasons for rejecting either claimant testimony or medical opinion evidence. Indeed, plaintiff has not specified any evidence that the ALJ failed to provide legally sufficient reasons in his decision for rejecting. Plaintiff therefore cannot establish that the first condition for application of the credit as true rule is met here.

However, under the authorities cited above, the Court still would have the discretion to remand for the payment of benefits if the Court were convinced that that the record has been fully developed, that no useful purpose would be served by further administrative proceedings, and that remand for further administrative proceedings would only unnecessarily delay the receipt of benefits to which plaintiff otherwise is entitled. As discussed hereafter, the Court is not convinced of these things.

The Court concurs with the Commissioner that the record has not been fully developed with respect to whether plaintiff's job as a truck driver constituted past relevant work. The Commissioner's regulations define "past relevant work" as work that the claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it." *See* 20 C.F.R. § 416.960(b)(1). "Gainful work activity is work activity that [the claimant] do[es] for pay or profit … whether or not a profit is realized." 20 C.F.R. § 416.972(b). The regulations further provide:

> *Your earnings may show you have done substantial gainful activity.* Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity. . . . Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity. **However, the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity.**" 20 C.F.R. § 416.974(a)(1) (emphasis added).

Thus, contrary to plaintiff's contention, his earnings level from the truck driver job is not dispositive of whether the job qualified as past relevant work. As the Ninth Circuit observed in *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001), "[t]he presumption that

arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner." The Commissioner may rebut the presumption by "point[ing] to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity." *Id.* (citing 20 C.F.R. § 416.973 for factors that can be considered).

Here, as the Commissioner points out, the ALJ did not evaluate whether plaintiff worked at substantial gainful activity levels as a truck driver, and instead summarily concluded that "claimant has past relevant work as a delivery truck driver." (AR 20.) The ALJ did not discuss plaintiff's monthly earnings levels and, because of that, the ALJ did not reach and engage in the alternative analysis to determine whether, aside from earnings, plaintiff engaged in substantial gainful activity. Further administrative proceedings are necessary for the ALJ to perform this required alternative analysis and fact-finding with regard to the truck driver job. *See Montoya v. Colvin*, 649 Fed. Appx. 429, 431 (9th Cir. 2016) (citing *Lewis* and remanding where ALJ stated that plaintiff had relevant work as a clerk, cashier or meter reader without addressing the substantial gainful activity issue or developing the record on it).

The Court also concurs with the Commissioner that the record has not been fully developed with respect to plaintiff's earnings level as a truck driver. According to plaintiff's work history report, he worked as a truck driver for the Salvation Army 40 hours per week at $8.75 per hour. (AR 178.) At this rate of pay, plaintiff's gross income would have been approximately $1,500 per month, which would have been above the monthly substantial gainful activity threshold in 2009 (*i.e.*, $980). If plaintiff had worked at this rate of pay for the eight month period in 2009 during which he testified he was employed by the Salvation Army (*see* AR 31), his total earnings would have been approximately $12,000. Further administrative proceedings also are necessary for the ALJ to explore the discrepancy between plaintiff's earnings history record and his testimony regarding the length of his employment and his rate of pay.

The Court also concurs with the Commissioner that the record has not been fully developed regarding plaintiff's other prior work and whether plaintiff had any other past

relevant work. The ALJ's decision did not address plaintiff's other past work, including his work in 2008 as a parking lot cashier, his work in 2006 as a grocery store janitor, or his work from 2001-2005 as a prison cook. (*See* AR 172-77.) Plaintiff maintains that an ALJ's analysis of past relevant work is absolutely limited to 15 years prior to the date of the ALJ's decision. (*See* ECF No. 17 at 2, citing 20 C.F.R. § 404.1560(b)(1) and Program Operations Manual System ("POMS") DI 25005.015(B).) However, as the Commissioner points out, the Commissioner's regulations do not preclude considering past work experience older than fifteen years. Rather, fifteen years is the time frame that the agency **usually** considers. (*See* ECF No. 18 at 2, citing *Trundle v. Comm'r*, 484 Fed. Appx. 94, 96 (9th Cir. 2012) and 20 C.F.R. § 1565(a).) Indeed, the same POMS section cited by plaintiff instructs agency employees to "[c]onsider work performed prior to the relevant period to be [past relevant work] when there is a continuity of skills, knowledge, and work processes between the work outside the relevant period and [past relevant work]." The Court also notes that, even if the 15-year cutoff is April 29, 2001, as plaintiff contends, all three prior jobs identified above were performed by plaintiff within that period. The fact that plaintiff may not have derived sufficient earnings from any of these jobs during the 15-year period to trigger the substantial gainful activity presumption is not dispositive of the issue, as discussed above. Accordingly, further administrative proceedings also are necessary for the ALJ to perform the required alternative analysis and fact-finding with regard to plaintiff's other prior work.

## CONCUSION AND RECOMMENDATION

For the reasons discussed above, the Court concludes that the record here has not been fully developed and that this is not an instance where no useful purpose will be served by further administrative proceedings.[2] Consideration of the amount of time it will take

---

[2] The Court disagrees with the Commissioner that, even if the ALJ finds that no past relevant work exists, the ALJ would then need to proceed to step five to determine whether

for another hearing to occur cannot outweigh the requirement that "[a] claimant is not entitled to benefits under [the Social Security Act] unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *See Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED IN PART**, that the Commissioner's cross-motion for remand be **GRANTED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: July 3, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge

---

other work exists. (*See* ECF No. 15-1 at 7; ECF No. 18 at 7.) The Court is unable to reconcile that contention with 20 C.F.R. § 416.962(b).