1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RONALD HENDERSON, | Case No.: 17-CV-1752 W (RNB) |
| --- | --- |
| Plaintiff, | **ORDER:** |
| v. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | **(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. 14];** |
| Defendant. | **(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 15]; AND** |
| | **(3) REMANDING FOR FURTHER PROCEEDINGS** |

Pending before the Court are cross-motions for summary judgment filed by Plaintiff Roland Henderson, and by Defendant Nancy Berryhill, Acting Commissioner of Social Security. (*Pl.'s Mot.* [Doc. 14]; *Def.'s Mot.* [Doc. 15].)

Plaintiff moves for a reversal of the administrative decision and an award of benefits, while Defendant moves to remand for further administrative proceedings. (*Pl.'s Mot.* [Doc. 14] 10:4–8; *Def.'s Mot.* [Doc. 15-1] 6:19–23.) Magistrate Judge Robert Block has issued a Report & Recommendation recommending a denial of Plaintiff's motion to the extent it requests an immediate award of benefits, a grant of Defendant's

motion, and a remand for further proceedings. (*R&R* [Doc. 21].) Plaintiff objects. [Doc. 22.]

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** Plaintiff's motion, **GRANTS** Defendant's motion, and remands the case for further administrative proceedings.

I. <u>BACKGROUND</u>

On December 10, 2013, Plaintiff Ronald Henderson filed an application for Supplemental Security Income. (*See Administrative Record ("AR")* [Doc. 12-4] 141.) His application was denied. (*Id.* [Doc. 12-4] 95.) It was denied again on reconsideration. (*Id.* [Doc. 12-4] 102.) Plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (*Id.* [Doc. 12-4] 108.) A hearing was held on March 3, 2016. (*Id.* [Doc. 12-2] 26.) The ALJ issued a decision dated April 29, 2016, finding that Defendant has not been disabled since December 10, 2013, within the meaning of section 1614(a)(3)(A) of the Social Security Act. (*AR* [Doc. 12-2] 14.) The ALJ's decision became final on July 7, 2017, when the Appeals Council denied Plaintiff's request for review. (*AR* [Doc. 12-2] 1–3.)

Plaintiff filed this action on August 30, 2017. (*Compl.* [Doc. 1].) It was referred to a United States Magistrate for a report and recommendation. [Doc. 3.] Plaintiff filed a motion for summary judgment on March 23, 2018. (*Pl.'s Mot.* [Doc. 14].) Defendant filed a cross-motion on April 27, 2018. (*Def.'s Mot.* [Doc. 15].)

On July 3, 2018, Magistrate Judge Block issued a report and recommendation recommending that Plaintiff's motion be denied to the extent it seeks an immediate award of benefits, that Defendant's motion be granted, and that the case be remanded for further administrative proceedings. (*R&R* [Doc. 21].) Plaintiff timely objected. [Doc. 22.]

//
//

## II. LEGAL STANDARD

The Court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005) (quoting Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002)). "The claimant carries the initial burden of proving a disability." Id. (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "Substantial evidence means 'such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.'" Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (quoting Howard v. Heckler, 782 F.2d 1484, 1486–87 (9th Cir.1986)).

When a magistrate judge issues a report and recommendation as to a dispositive motion, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

### A. Defendant Concedes that Reversal of the ALJ Decision is Appropriate.

Defendant concedes that the ALJ erred by finding, without analysis, that Plaintiff had past relevant work as a truck driver. (*Def.'s MSJ* [Doc. 15-1] 1; *Pl.'s Mot.* [Doc. 14] 5:8–7:10.)

"Past relevant work" is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b)(1). "Substantial gainful activity is work activity that is both substantial and gainful[.]" 20 C.F.R. § 416.972. Put another way, substantial gainful activity is "work done for pay or profit that involves significant mental or physical activities." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." Id. A person has presumptively engaged in substantial gainful activity if he or she earns more than a certain monthly amount. See 20 C.F.R. § 416.974(b)(2)(ii); *Substantial*

*Gainful Activity*, Social Security, https://www.ssa.gov/oact/cola/sga.html. That monthly figure varies depending on the year in which the work took place.

The ALJ below concluded without any reasoning that Mr. Henderson had past relevant work as a truck driver within the meaning of the applicable regulation, without performing the relevant analysis as to whether this work was substantial gainful activity. As Defendant concedes, this was error.

The only remaining issue is the appropriate remedy.

**B.     Remand for Further Proceedings is Appropriate.**

Plaintiff argues for an immediate award of benefits. (*Pl.'s Mot.* [Doc. 14].) Defendant contends that remand for further administrative proceedings is the appropriate course. (*Def.'s Mot.* [Doc. 15].) Magistrate Judge Block recommends remand for further proceedings. (*R&R* [Doc. 21].) This recommendation is sound.

"Usually, '[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.' " Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)). "The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with *or without* remanding the cause for a rehearing.' " Id. (quoting 42 U.S.C. § 405(g)). "Accordingly, every Court of Appeals has recognized that in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." Id. "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits, observing on occasion that inequitable conduct on the part of the Commissioner can strengthen, though not control, the case for such a remand." Id.

Plaintiff contends that Defendant has the burden of showing that he engaged in substantial gainful activity, and that Defendant cannot meet that burden. (*Pl.'s Objs.* [Doc. 22] 3:13–5:12.) But in the absence of low monthly earnings, Plaintiff must show

4

the absence of substantial gainful activity. See Lewis, 236 F.3d at 515–16. And here, as Judge Block's R&R makes clear, there is a discrepancy in the administrative record as to whether Mr. Henderson's earnings were below the relevant threshold.

Henderson's work history report indicates that in 2009 he worked as a truck driver for the Salvation Army, earning $8.75/hour, 40 hours/week. (*AR* [Doc. 12-6] 172–178.) A simple calculation from these figures yields earnings of approximately $1,400 per month. The 2009 monthly cutoff for substantial gainful activity is $980. See 20 C.F.R. § 416.974(b)(2)(ii); *Substantial Gainful Activity*, Social Security, https://www.ssa.gov/oact/cola/sga.html. Yet Henderson testified that he worked for eight months in this position, and his earnings statements reflected total wages of $6,644.23. (*Id.* [Docs. 12-2, 12-5] 29, 151.) This yields an average monthly wage of about $830.53. (*See Pl.'s Mot.* [Doc. 14] 6:16–7:10.) Nowhere does Plaintiff explain or clarify this discrepancy.

Further, as Defendant points out, there are several other full-time positions in Henderson's work history report that the ALJ's opinion does not appear to have addressed at all—any one of which could qualify as substantial gainful activity. (*Def.'s Mot.* [Doc. 15] 5:24–6:6; *AR* [Doc. 12-6] 173–77 (stating that Henderson worked: (1) as a warehouse laborer between 1998 and 2011 at $9.00/hour for 40 hours/week; (2) as a cashier in 2001 at $8.75/hour for 40 hours/week; (3) as a cook while incarcerated from 2001 to 2005 at $2.50/hour for 40 hours/week; (4) as a janitor in 2006 at $9.00/hour for 40 hours/week; and (5) as a cashier in 2008 at $8.75/hour for 40 hours/week). Henderson testified at his administrative hearing that he had worked no full-time jobs besides the Salvation Army truck driver position since 2001. (*AR* [Doc. 12-2] 36.) Remand for further proceedings would allow for clarification on this point. See Garrison, 759 F.3d at 1019.

Plaintiff argues that the special vocational profile provided by 20 C.F.R. § 404.1562 should allow the Court to award benefits without remanding for further proceedings. (*Pl.'s Mot.* [Doc. 14] 12.) As this case involves an SSI claim rather than a

5

claim for disability benefits, the relevant parallel regulation is 20 C.F.R. § 416.962(b). That section provides, "[i]f you have a severe, medically determinable impairment(s) (see §§ 416.920(c), 416.921, and 416.923), are of advanced age (age 55 or older, see § 416.963), have a limited education or less (see § 416.964), and have no past relevant work experience (see § 416.965), we will find you disabled." 20 C.F.R. § 416.962. The applicability of this section depends on whether the claimant has past relevant work experience. For the reasons stated above, it is not clear from the existing record that such is the case here. Remand for further proceedings is the appropriate course. See <u>Garrison</u>, 759 F.3d at 1019; <u>Lewin</u>, 654 F.2d at 635.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION & ORDER

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED**. [Doc. 14.]

Defendant's motion for summary judgment is **GRANTED**. [Doc. 15.]

The case is **REMANDED** for further administrative proceedings consistent with this opinion.

The Clerk is directed to close the district court case file.

**IT IS SO ORDERED**.

Dated: August 15, 2018

Hon. Thomas J. Whelan
United States District Judge